FILED

Gary Abrams / Belinda Corpuz
4111 Lafayette Place
Culver City, CA. 90232
310 403-8081



PAID

7/31/23

CLERK, U.S. DISTRICT COURT
COURT 4612

2023 JUL 31 PM 1: 21

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

S/I

# UNITED STATES DISTRICT COURT CENTRAL

# DISTRICT OF CALIFORNIA

Gary Abrams / Belinda U. Corpuz, (spouse)

2:23-cv-06177-CBM-(Ex)

                          Plaintiffs

PETITION FOR

DECLARATORY JUDGEMENT

              v.

AND VIOLATION OF 362

AUTOMATIC STAY

BCMB1 Trust / Planet Home Lending, LLC

Date: TBA

Susan MiKhaela, an individual

                          Defendants.

REQUEST A JURY TRIAL

**BCMB1 TRUST** is a Delaware Statutory Trust filed on February 13, 2019. File Number is listed as 7281115. The Registered Agent on file is Wilmington Savings Fund Society, Fsb and is located at 500 Delaware Avenue, 11th Floor, Wilmington, DE 19801. BCMB1 Trust Corporation Trust Center 1209 Orange St Wilmington, DE 19801:

**PLANET HOME LENDING, LLC (**Delaware) Registered Address. 221 Bolivar St; Jefferson City; MO. 65101; Agent Name CSC-LAWYERS Planet Home Lending, LLC, 321 Research Parkway, Suite 303, Meriden, CT 06450

**SUSAN MIKHAELA** an individual, attorney Timothy M. Ryan 2603 Main St Suite 1225 Irvine, CA 62614

10

**TABLE OF CONTENT**

BK 7 Case 2:22-bk-16104-VZ 11/08/2022

Case Law – Bankruptcy Appellant Panel (B.A.P.) Decision In re: Veal

§362 Automatic Stay


Exhibits:

A. Corporate Assignment Deed of Trust

B.  Notice of Trustee Sale

   1. Sale Postponement

   2. Sale Postponement

## I. INTRODUCTION § 362 AUTOMATIC 30-DAY VIOLATION

**A.** On 08/06/2019 a purported Corporate Assignment Deed of Trust. MERS hereby assign, transfer and convey to BCMB1 Trust all interest under that certain Deed of Trust dated 2/7/2007 executed by Belinda U. Corpuz Instrument # 20070384213 in Los Angeles County State of California and all rights accrued under said Deed of Trust.                                    **exhibit A**

**B.** On 07/05/2022 A Notice of Trustee Sale scheduled for 08/25/2022 was recorded.

1. On 08/15/2022 a Notice of Postponement of Trustee scheduled for 08/25/2022 has been postponed to 10/25/200 at 11:00 am.

2. On 10/25/2022 a Notice of Postponement of Trustee scheduled for 08/25/2022 has been postponed to 11/08/2022 at 11:00 am.     **exhibit B**

**C.** On November 8, 2022 at 10:56 am Debtor Abrams **filed an individual BK 7 Petition.**[5]

**D.** On November 8, 2022 (well after) the 11:00 am scheduled sale a *post-petition* foreclosure sale was commenced.

**E.** The Creditor file a Motion for Relief of Stay retroactive from filing of petition which the court GRANTED.

**F.** Debtor Abrams filed a motion for reconsideration that ***challenging*** the creditor's *Standing* to seek relief from the BK 7 30-day automatic stay.[6]

**II. Case Law** – B.A.P. Decision In re: Veal (9th Cir. B.A.P. 2011) Bankr. Lexis 2158, 2011 WL 2652328, 450 B.R. 897.

**A.** The analysis of the court in Veal was directed at the question of whether the Bank had standing to seek relief from an automatic stay.

1. The issue at hand was a deed of trust (mortgage) identical to this present case

[5] Second BK petition (2nd within a year) with a §362 30-day automatic stay.
[6] Chapter 7 Bankruptcy petition "automatically stays" most collection actions against debtors or their property. As long as the automatic stay is in effect creditors generally, may not initiate or continue any lawsuits or demand payment. However there are exceptions to the automatic stay and in some instances the automatic stay may only be in place for a short period of time.

issue of the assignment of the mortgage from Countrywide (MERS) to BCMB1 was ***insufficient*** to transfer the "Note" as well.

2. It was the bank's burden to demonstrate a right to enforce the mortgage securing the note and it failed, as it could not show that it was a "holder" or some other "person entitled to enforce" the note.

3. The subsequent assignment of the mortgage in *this present case* from MERS to BCMB1 Trust *does not refer* to the promissory "Note" as part of its identifying description. No Standing to request relief from automatic stay.

**B.** The Veal Court applied the rule -that "an assignment of the "Note" carries the mortgage with it, while assignment of the latter alone is a "Nullity." (Id. at p. (916).

**C.** However, in contrast in the Court of Appeal State of California Sixth Appellate District in "Deutsche Bank" ruled that the Veal Court held that Assignment of the (mortgage) deed of trust "TOGETHER" with the "Note" therein described and secured thereby, the money due and to become due thereon, with interest and all rights accrued or to accrue under said Deed of Trust." This language in Veal to transfer the note similar to the transfer language found acceptable to transfer the "Note."

## VI. MEMORANDUM OF POINTS AND AUTHORITIES

A. **Invalid Deed of Trust**. An attempt to assign the deed of trust *without the note* has *no effect* and that a deed of trust has no assignable quality independent of the debt, it may not be assigned or transferred apart from the debt.

B. **Violation of BK &362 Automatic 30-day Stay**. NO STANDING to request for Motion for Relief of Stay.

13

for Motion for Relief of Stay.

1. <u>Federal Law dictates</u> when and how long a stay is in effect.

2. A second petition within a year has a &362 *30-day* automatic stay.

3. It does not matter whether creditors know or not know.

4. When the debtor files a BK petition and a foreclosure is in progress the

creditor must halt the foreclosure, no matter how far along in the process.

The Hon. Robert E. Grossman, Bankruptcy Judge, stated, the moving party must show that it validity holds both the mortgage and the underlying note in order to prove standing before this Court. In other words, you want to foreclose Mr. Banker, if you want to foreclose or file a POC and set aside the stay order that stops you from foreclosure, you must <u>"Prove" that you own "both" the Mortgage and the Promissory Note</u> (meaning: prove a valid "chain of title).

I Declare under penalty of perjury that the above is true to the best of my knowledge. The enclosed document copies are true and correct of the original.

Date: July 23, 2023

Gary Abrams

## IV. CONCLUSIONS

### A. UNDISPUTED FACTS

1. A postponed rescheduled foreclosure sale for November 8, 2022 at 11:00am

2. Debtor Abrams filed a BK 7 petition at 10:44am.

3. BK 7 petition was the second petition filed within a year.

4. A. § 362 Automatic 30-day Stay is in effect.

B. B. A. P. case law found that Creditor does not have standing to request Relief of Stay.

C The Plaintiff's request that the Court find that the Automatic Stay was in effect according to the BK LAWs.

Gary Abrams
4111 Lafayette Place
Culver City, CA 90232
(310) 403-8081
gabrams@ca.rr.com

## IN THE DISTRICT COURT FOR THE CENTRAL
## DISTRICT OF THE STATE OF CALIFORNIA

CIVIL CASE

Gary Abrams / Belinda Corpuz

Plaintiffs

v.

BCMB1 Trust / Planet Home Lending, LLC

§ 362 AUTOMATIC STAY

PROPOSAL

Based on the UNDISPUTED EVIDENCE submitted the Court finds that the
Bankruptcy 7 Petition filed is the § 362 AUTOMATIC 30-D STAY is in EFFECT.
The Federal Law dictates when and how long a stay is in effect. A second petition
filing within a year has a 30-day automatic stay. The creditors have no standing to
request a Motion for Relief under BK Law.

—

Confidential

# EXHIBIT "A"

Confidential

This page is part of your document - DO NOT DISCARD



## 20190778723



Pages:
0002

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**08/06/19 AT 10:50AM**

| | |
|---|---|
| FEES: | 20.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 95.00 |



**LEADSHEET**



201908062850073

00016962470



010019397

**SEQ:
01**

DAR - Mail (Intake)



**THIS FORM IS NOT TO BE DUPLICATED**

R 1 of 2

Confidential

16962470

Batch Number: 10019397

**Recording Requested By:**
Richmond Monroe Group, Inc.

**When Recorded Mail To:**
Jessica Brown/BCMB1 Trust
Richmond Monroe Group, Inc.
P.O. Box 458
Kimberling City, MO, 65686
(417) 447-2931

## CORPORATE ASSIGNMENT OF DEED OF TRUST

Loan #: 89754015 / TS Ref #: 0009530000000584
CA/LOS ANGELES
MERS #: 100133700019928350 / MERS Phone #: (888) 679-6377

Assignment Prepared on: June 13, 2019

For Value Received, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE BANK, N.A. A NATL. ASSN. ITS SUCCESSORS AND ASSIGNS**, whose address is P.O. Box 2026, Flint, MI, 48501-2026 (herein **"Assignor"**) hereby grant, assign, transfer and convey to BCMB1 TRUST, whose address is 2001 BISCAYNE BLVD, SUITE 117-262, MIAMI, FL, 33137 (herein **"Assignee"**) all interest under that certain Deed of Trust Dated: 2/7/2007, in the amount of $175,000.00, executed by BELINDA U CORPUZ, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE BANK, N.A. A NATL. ASSN. ITS SUCCESSORS AND ASSIGNS and Recorded: 2/22/2007, Instrument #: 20070384213 in LOS ANGELES County, State of California and all rights accrued or to accrue under said Deed of Trust.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE BANK, N.A. A NATL. ASSN. ITS SUCCESSORS AND ASSIGNS

On: 6-28-19

By:

Name: Jim Fullen

Title: SVP

STATE OF Texas
COUNTY OF Denton

On 6-28-19 , before me, Richard Joshua Hipo , a Notary Public in and for Denton in the State of Texas , personally appeared Jim Fullen SVP , MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE BANK, N.A. A NATL. ASSN. ITS SUCCESSORS AND ASSIGNS, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

Richard Joshua Hipo
Notary Expires: 3.4.2022         I#: 128195184

CA/LOS ANGELES

Richard Joshua Hipo
My Commission Expires
03/04/2022
ID No 128195184

B 2 of 2



# EXHIBIT "B"

**Prestige Default Services, LLC**
**1920 Old Tustin Ave.**
**Santa Ana, California 92705**
**949-427-2010**

### NOTICE TO BORROWER OF POSTPONEMENT OF TRUSTEE'S SALE

October 25, 2022

Re:     T.S. Number:          **20-4393**
        Property Address:     **4111 LAFAYETTE PL**
                              **CULVER CITY  California  90232**

You are hereby notified that the above-referenced Trustee's Sale previously scheduled for **10/25/2022** at **11:00 AM** has been postponed to **11/8/2022** at **11:00 AM** at the place originally set forth in the Notice of Trustee's Sale.

**YOU MAY NOT RECEIVE WRITTEN NOTICE OF POSTPONEMENT EACH TIME THE TRUSTEE'S SALE IS POSTPONED.  TO PROTECT YOUR INTEREST IN THE PROPERTY, IT IS IMPORTANT THAT YOU MONITOR ALL POSTPONEMENTS OF THE TRUSTEE'S SALE.**   You may monitor trustee's sale postponements by attending the scheduled trustee's sale at the place in the notice of trustee's sale and at the date and time in the most recent public declaration of postponement. While a public declaration at the time set for trustee's sale is the official method for postponing a trustee's sale, you can also obtain information about further trustee's sale postponements by calling (877) 440-4460 or through the following website: https://mkconsultantsinc.com/trustees-sales/ and by accepting the terms and conditions for that resource.   **UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE WITHOUT FURTHER NOTICE.**

**NOTICE TO TENANT:** You may have a right to purchase this property after the trustee auction pursuant to Section 2924m of the California Civil Code. If you are an "eligible tenant buyer," you can purchase the property if you match the last and highest bid placed at the trustee auction. If you are an "eligible bidder," you may be able to purchase the property if you exceed the last and highest bid placed at the trustee auction. There are three steps to exercising this right of purchase. First, 48 hours after the date of the trustee sale, you can call (877) 440-4460, or visit this internet website https://mkconsultantsinc.com/trustees-sales/, using the file number assigned to this case 20-4393 to find the date on which the trustee's sale was held, the amount of the last and highest bid, and the address of the trustee. Second, you must send a written notice of intent to place a bid so that the trustee receives it no more than 15 days after the trustee's sale. Third, you must submit a bid so that the trustee receives it no more than 45 days after the trustee's sale. If you think you may qualify as an "eligible tenant buyer" or "eligible bidder," you should consider contacting an attorney or appropriate real estate professional immediately for advice regarding this potential right to purchase.

Prestige Default Services, LLC, as authorized agent of the beneficiary

Briana Young, Trustee Sale Officer



## 11 U.S. CODE § 362 - AUTOMATIC STAY

### Multiple Filings and the Automatic Stay

**Summary**- One of the most powerful bars to filing multiple bankruptcy petitions is the limitations of the automatic stay past the first case that is filed. In the first bankruptcy case filed the debtor will get an unlimited automatic stay stopping any and all collection activity as to all creditors.

If the same debtor files another case within a year of the first case and the first case was dismissed due to not filing the required paperwork, not paying the fees on time, not showing up for the mandatory meeting of creditors and other reasons, then the automatic stay only lasts for 30 days.

If the same debtor files a third case within a year of the first two cases, then there is no automatic stay at all. In the second filed case the automatic stay can be extended past the 30 days if an order extending the stay is entered prior to the 30 days stay expiring.

In the third case the automatic stay can be imposed by filing a motion with the bankruptcy court.

### 11 U.S. Code § 362 - Automatic stay

**(b) (3)**if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—

**(A)** the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the latter case;

**(B)** on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the latter case is in good faith as to the creditors to be stayed; and

**(C)** for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)—

**(i)** as to all creditors, if—

**(I)** more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;

**(II)** a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to—

**(aa)** file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);

**(bb)** provide adequate protection as ordered by the court; or

**(cc)** perform the terms of a plan confirmed by the court;

===========================================================================

Filed 3/16/12

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

|  |  |
|---|---|
| STEPHEN GEORGE DEBRUNNER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, et al.,<br><br>    Defendants and Respondents. | H036379<br>(Santa Clara County<br> Super. Ct. No. 1-09-CV157852) |

Plaintiff Stephen Debrunner sought a declaratory judgment and quiet title to property on which nonjudicial foreclosure proceedings had been initiated by respondents Deutsche Bank National Trust Company (Deutsche Bank), its loan servicer, and its foreclosure trustee. The superior court sustained respondents' demurrer to the first amended complaint without leave to amend. Plaintiff appeals, contending that an assignment of a deed of trust is of no legal effect without the actual transfer of the corresponding promissory note and therefore cannot support nonjudicial foreclosure by the assignee. Plaintiff further contends that the notice of default in this case was defective for inadequately identifying Deutsche Bank as the beneficiary and prematurely naming the trustee. We will affirm the judgment.

*Background*

Because this appeal arises from the sustaining of a demurrer, we summarize the underlying facts as they are stated in the operative pleading, the first amended complaint.

moved for relief from the bankruptcy stay in order to file a new notice of default. That motion was taken off calendar when the bankruptcy matter was closed in August 2009.

On September 15, 2009 the foreclosure trustee, Old Republic Default Management Services (Old Republic), recorded a new notice of default on the property. In the accompanying Fair Debt Collection Practices Act Notice, Old Republic named Deutsche Bank as the creditor and Saxon as its "attorney-in-fact." The Notice informed the debtor that payment to stop the foreclosure could be made to Saxon, and it provided Saxon's address and telephone number. On January 5, 2010, the same day the assignment from FV-1 to Deutsche Bank was recorded, the county recorded a "Substitution of Trustee" from Chicago Title Company to Old Republic. This document had been signed and notarized on September 2, 2008, by Saxon on behalf of Deutsche Bank.

Plaintiff commenced this action in November 2009 to stop the impending foreclosure, naming Deutsche Bank, Saxon, and Old Republic. In his first amended complaint in April 2010, he specifically sought a declaration of multiple facts-- in particular, that the defendants had no right to foreclose because Deutsche Bank did not have physical possession of or ownership rights to the original promissory note. Plaintiff further sought to quiet title to the property and remove the first deed of trust in favor of Quick Loan.

Deutsche Bank and Saxon demurred on multiple grounds, primarily the absence of facts indicating a violation of nonjudicial foreclosure procedures. Respondents specifically argued, for instance, that possession of the original note was not required under the applicable statutes, Civil Code section 2924 et seq.[1] In response, plaintiff maintained that any assignment of the deed of trust was immaterial because a deed of trust "cannot be transferred independently" of the promissory note, which must be

---

[1]   All further unspecified statutory references are to the Civil Code.

3

itself, to which was attached three recorded assignments proceeding from Quick Loan to Option One to FV-1 to Deutsche Bank. Because those assignments conveyed all beneficial interest in the deed of trust, "[t]ogether with the note or notes therein described or referred to," a chain of title had been established on the face of the first amended complaint. The court also rejected plaintiff's assertion that physical possession of the promissory note was a precondition to nonjudicial foreclosure, citing federal district court decisions. Addressing plaintiff's claims of noncompliance with section 2923.5, subdivision (b) of section 2934a, and subdivision (b)(1) of section 2943, the superior court deemed these challenges to be meritless or nonprejudicial. It then sustained respondents' demurrer without leave to amend. Plaintiff filed a timely notice of appeal from the ensuing judgment of dismissal.

*Discussion*

*1. Scope and Standard of Review*

Because plaintiff misstates the standard by which we review the challenged order, we briefly revisit the applicable principles. A demurrer is properly sustained when the complaint "does not state facts sufficient to constitute a cause of action," or where the court "has no jurisdiction of the subject of the cause of action alleged in the pleading." (Code Civ. Proc., § 430.10, subds. (e), (a).) "On appeal from a dismissal following the sustaining of a demurrer, this court reviews the complaint de novo to determine whether it alleges facts stating a cause of action under any legal theory. . . . [¶] Because the function of a demurrer is not to test the truth or accuracy of the facts alleged in the complaint, we assume the truth of all properly pleaded factual allegations. [Citation.] Whether the plaintiff will be able to prove these allegations is not relevant; our focus is on the legal sufficiency of the complaint." (*Los Altos Golf and Country Club v. County of Santa Clara* (2008) 165 Cal.App.4th 198, 203; see also *Landmark Screens, LLC v. Morgan, Lewis & Bockius, LLP* (2010) 183 Cal.App.4th 238, 243-244.) "Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their

5

Plaintiff further contends that a notice of default under section 2924c, subdivision (b)(1), must identify the beneficiary, not just the "servicer." Strict compliance with this provision is necessary, plaintiff argues; "[t]he i's must be dotted and the t's crossed." Because prejudice need not be shown, says plaintiff, the failure to provide the beneficiary's name and contact information in this case, along with the premature identification of Old Republic as the foreclosure trustee, has invalidated the entire proceeding.

### a. Status of Deutsche Bank as Beneficiary

Plaintiff raises several issues related to the validity of the transfer of the deed of trust, but his position on most of them is predicated on a single contention, that no foreclosure of a deed of trust is valid unless the beneficiary is in possession of the underlying promissory note. Without such possession, the deed of trust is "severed" from the promissory note and consequently is of no effect. Plaintiff submits that we must look to the Commercial Code for guidance, because a promissory note is a negotiable instrument which cannot be assigned without a valid endorsement and physical delivery to the assignee.

As the parties recognize, many federal courts have rejected this position, applying California law. All have noted that the procedures to be followed in a nonjudicial foreclosure are governed by sections 2924 through 2924k, which do not require that the note be in the possession of the party initiating the foreclosure. (See, e.g., *Geren v. Deutsche Bank National* (E.D. Cal. 2011) 2011 WL 3568913; *Kolbe v. JP Morgan Chase Bank, N.A.* (N.D. Cal. 2011) 2011 WL 4965065; *Hague v. Wells Fargo Bank, N.A.* (N.D.Cal. 2011) 2011 WL 3360026, 3; *Impink v. Bank of America* (S.D. Cal. 2011) 2011 WL 3903197.) We likewise see nothing in the applicable statutes that precludes foreclosure when the foreclosing party does not possess the original promissory note. They set forth "a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust. The purposes of

7

specific, and comprehensive set of legislative procedures the Legislature has established for nonjudicial foreclosures.  (See *Spence v. Wells Fargo Bank, N.A.* 2011 WL 1668320, at 2 (E.D.Cal. May 03, 2011 [Commercial Code section 3301 has "no application in the instant context of real property financing"]; accord, *Das v. WMC Mortg. Corp.* (N.D. Cal. 2011) 2011 WL 2847412, 2011 U.S. Dist. LEXIS 77414; see also *Padayachi v. IndyMac Bank* (N.D. Cal. 2010) 2010 WL 4367221, 2010 U.S. Dist. LEXIS 120963 ["Although Article 3 of the UCC governs negotiable instruments, it does not apply to nonjudicial foreclosure under deeds of trust"]; accord, *Germon v. BAC Home Loans Servicing, L.P.* (S.D. Cal. 2011) 2011 WL 719591, 2011 U.S. Dist. LEXIS 17084.)

Plaintiff has referred us to the recent appellate bankruptcy decision in *In re Veal* (9th Cir. B.A.P. 2011) 2011 Bankr. LEXIS 2158, 2011 WL 2652328, 450 B.R. 897.  He directs us to that opinion as an application of comparable provisions of Arizona law and urges the same analysis under California's Commercial Code.  We are not persuaded.  The analysis of the court in *Veal* was directed at the question of whether Wells Fargo Bank had standing to seek relief from an automatic bankruptcy stay.  The loan at issue was a mortgage, of which enforcement was governed by Illinois law (where the property was located), while the note was deemed to fall within the province of Arizona law.  It was the bank's burden to demonstrate a right to enforce the mortgage securing the note, and it failed, as it could not show that it was a "holder" or some other "person entitled to enforce" the note.  (*Id.* at p. 911.)  The parties had stipulated that the Uniform Commercial Code applied to these issues, and the court proceeded on that assumption without questioning the soundness of the premise.  (*Id.* at pp. 908-909.)

The *Veal* court applied the rule urged by plaintiff in the present appeal—that is, that " '[a]n assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity.' "  (*Id.* at p. 916.)  In doing so, however, the court noted the departure from this rule by some statutes in other states, specifically citing section 2924

9

*b. Notice of Default*

Plaintiff complains that the notice of default was defective because (1) it did not identify the beneficiary and (2) it listed Old Republic as the trustee even though there was no recorded substitution of this entity as trustee at that time.[4]  With regard to the first protest, he acknowledges that an attached page, the Fair Debt Collection Practices Notice, did identify Deutsche Bank as the creditor, but he points out that Deutsche Bank's address and telephone number were not listed.  That attached notice did, however, identify Saxon, the servicer, as Deutsche Bank's "attorney-in-fact," and the notice of default itself listed Saxon's address and telephone number.  Moreover, as the superior court pointed out, no conceivable prejudice is either shown or asserted.  As the First District, Division One, recently stated, "a plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate [that] the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests." (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 271, citing *Melendrez v. D & I Investment, Inc.* (2005) 127 Cal.App.4th 1238, 1257 [presumption that nonjudicial foreclosure sale was conducted regularly and fairly may be rebutted only by substantial evidence of "prejudicial procedural irregularity"].)

Plaintiff does not provide authority to the contrary.  Instead, he invokes the Perata Mortgage Relief Act of 2008, Senate Bill No. 1137, for the sole proposition that strict compliance with foreclosure procedures is required.  He does not explain how that law, particularly section 2923.5, subdivision (b), is directly relevant to this case; he even concedes that section 2923.5 is inapplicable because the property was not owner occupied. (§ 2923.5, subd. (i).)  Plaintiff apparently relies on this provision only to

---

[4] Although Old Republic identified itself as the trustee in the September 2009 notice of default, the substitution of trustee from Chicago Title Company (the original trustee) to Old Republic was not recorded until January 5, 2010.  We took judicial notice of the document evidencing the substitution.

along with the adverse claim.  To the extent that his position depends on the invalidity of the assignment, it falls with the cause of action for declaratory relief, as he did not show title free and clear of the first deed of trust.

Plaintiff also has suggested no basis for finding an abuse of discretion in the court's decision not to allow further amendment.  In his opening brief he does not even raise this issue; instead, he relies on his conviction that the allegations in the first amended complaint stated a viable legal theory for relief.  Even in his reply brief, belatedly, he merely asserts the intention to add "multiple tort causes of action as well as an action for unfair business practices," to respond to respondents' "fraud."[6]  No additional facts are offered as potential supporting allegations beyond respondents' tardy supplement to the record of the document substituting Old Republic as trustee.  Thus, even if plaintiff had not forfeited this issue by failing to raise it in his opening brief, he still has not demonstrated how his pleading can be amended to state a viable claim.  As plaintiff suggests no reasonable possibility that the defects in the first amended complaint can be cured by further amendment, we find no abuse of discretion in the superior court's decision not to grant leave to amend.

*Disposition*

The judgment of dismissal is affirmed.

---

[6] These new claims would include "cancellation of recorded instruments, recording of false documents, attempted unlawful foreclosure, attempted conversion, and other causes of action."

# TABLE OF CONTENT

BK 13 Case

**Corpuz**

2:21-bk-15503-VZ

2:22-bk-10315-VZ

**Abrams**

2:22-bk-13659-VZ

**Laws:**

851 False Claims subsection (4) section 152


**Exhibits:**

A. 410 Proof of Claim 4-1

B.  410 Proof of Claim 5-1

C. 410 Proof of Claim (Abrams)

D. Official Form 410 Instructions

E. Corporate Assignment Deed of Trust

F. Notice of Assignment , Sale or Transfer of Servicing Rights

## I. INTRODUCTION - BANKRUPTCY FRAUD

Bankruptcy offers homeowners who file for relief under chapter 13 the opportunity to object to a second mortgagee's claim. Mortgage Creditors must file a proof of claim in a chapter 13 bankruptcy, if they wish to get paid from the bankruptcy estate for arrearages.[1] The BK Rules of Civil Procedure requires such creditors to provide a copy of the writing evidencing the claim "Note" and the creditor's perfection of the security interest in debtor's property.[2]

### A. BK 13 individual Petitions

**1.** BK 13 <u>2:21-bk-15503</u>-VZ Corpuz
**2.** BK 13 <u>2:22-10315-VZ</u> Corpuz
**3.** BK 13 2:22-bk-13659-VZ Abrams

### B. Proof of Claim

Creditor's Proof of Claims **4-1**                          **exhibit A**
Creditor's Proof of Claims **5-1**                          **exhibit B**
Creditor's Proof of Claims[3]                               **exhibit C**

**C. Official Form 410 Instructions** for United States Bankruptcy Court. These instructions and definitions generally explain the law.

*If the claim has been acquired from someone else, then state the identity of the last party who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.*

*Attach any supporting documents to this form. Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both.*

*Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.*                          **exhibit D**

---

[1]See Fed. R. Bankr. P. OFFICIAL FORM 410 "Creditor" includes the person or entity to which debtor owes money or property.
[2]Fed. R. Bankr. P. 3001(c) supporting Information (d) Evidence of Perfection of Security Interest.
[3]The creditors failed to file the required 410 POC by the bar date, Prompting Abrams to file a creditor's 410 POC.

**Official Form 410 Proof of Claim No. 4-1 and No. 5-1**

**Part 1 Identify Claim:**

#1. Who is the current creditor? <u>BCMB1 Trust</u>

#2. Has claim been acquired from someone else? **[NO]**[4-5]

9. Basis for perfection: <u>Recorded Deed of Trust</u>[6]

**II. MATERIAL MISREPRESENTATION and DEVOID of SUPPORTING DOCUMENTS**

**A.** #2. Has claim been acquired from someone else? **[NO]**

1. A purported Corporate Assignment Deed of Trust indicates that MERS hereby *grant, assign, transfer and convey* all interest to the Corpuz 2007 Deed of Trust to BCMB1 Trust filed on 08/06/2019.                    **exhibit E**

2. Notice of Assignment, Sale or Transfer of Servicing Rights 02/20/2020. You are hereby notified that the servicing of your mortgage loan is being *assigned, sold or transferred* from Veripro Solutions Inc. to Planet Home Lending, LLC.
                                                                          **exhibit F**

**B.** (d) Evidence of Perfection of Security Interest. If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected.

**III. MEMORANDUM OF POINTS AND AUTHORITIES**

*These mandates represent two fundamental public policies embodied in the Bankruptcy Code "ensuring the accuracy and legality of the claim...that any payments on mortgage claims are made in accord with the Bankruptcy Code.*[7]

**A. 851. FALSE CLAIMS** Subsection (4) of Section 152 sets out the offense of filing a false bankruptcy claim. A "claim" is a document filed in a bankruptcy proceeding by a creditor of the debtor. It is sometimes also called a "proof of claim." For the purposes of this section the nature of the claim is immaterial-- i.e., the claim can be secured or unsecured, liquidated or unliquidated, disputed or

---

[4]A purported Corporate Assignment Deed of Trust indicates that MERS conveyed all interest to the Corpuz 2007 Deed of Trust to BCMB1 Trust filed on 08/06/2019.        **exhibit E**
[5]Notice of Assignment, Sale or Transfer of Servicing Rights from Veripro to Planet Home Lending, LLC 02/20/2020                                    **exhibit F**
[6]Attach copies of documents, that show evidence of perfection of a security interest. A mortgage, lien or other document that shows the lien has been filed or recorded.
[7]Porter, supra notes 35 at 146

undisputed. A "false" claim is one that is known by the creditor to be factually untrue at the time the claim is filed.

**Subsection (4) provides:** A person who...knowingly and fraudulently presents any false claim for proof against the estate of a debtor, or uses any such claim in any case under title 11, in a personal capacity or as or through an agent, proxy, or attorney;...shall be fined..., imprisoned..., or both.

B. The elements of a false claim violation are:

1. that bankruptcy proceedings had been commenced;
2. that defendant presented or caused to be presented a proof of claim in the bankruptcy;
3. that the proof of claim was false as to a material matter; and
4. that the defendant knew the proof of claim was false and acted knowingly and fraudulently. *United States v. Overmyer*, 867 F.2d 937, 949 (6th Cir.), *cert. denied*, 493 U.S. 813 (1989).

## C. FRAUDULENT 410 Proof of Claims – Filing an incorrect or incomplete proof of claim.

A proof of claim is a sworn statement representing that all of the information included is true to the best of the signatory's knowledge. The standard proof of claim form, specifically and unequivocally notes that the signatory is representing under penalty of perjury. Sworn declarations from representative of claim includes the creditor setting out the basis for the claim asserted. An incorrect proof of claim may constitute or include fraudulent statements while under oath, which can include perjury, fraud on the court, or dereliction of an attorney's duty of candor before the court.

It is not enough to feign ignorance or to blame others for shoddy or incomplete information. The most serious risk inherent in filing a proof of claim is that the filer and any signatories to signed declarations run a risk of subjecting themself and others to personal liability because of material misrepresentations made under penalty of perjury.

13

## IV. CONCLUSIONS

### A. UNDISPUTED FACTS

**1.** The Creditors filed two identical 410 POC that contained material misrepresentation that the claim was <u>not acquired</u> and <u>DEVOID</u> of the required supporting documents

**2.** The Corporate Assignment Deed of Trust that MERS *(Assignor)* hereby grant, assigns, transfer and convey to BCMB1 Trust *(Assignee)* all interest under that certain Deed of Trust dated 02/7/2007 recorded on 08/06/2019.        **exhibit E**

**3.**The Notice of Assignment, Sale or Transfer of Servicing Rights dated 02/20/2020 from Veripro Solutions, LLC to Planet Home Lending, LLC,   **exhibit F**

**B.** A declaratory judgment is a binding judgment from a court defining the legal relationship between parties and their rights in a matter before the court. When there is uncertainty as to the legal obligations or rights between two parties, a declaratory judgment offers an immediate means to resolve this uncertainty.

**C.** We request that the Court finds that the filing of incorrect or incomplete Proof of Claims documentation is FRAUD and P ERJURY and moving party is entitled to a judgement as a matter of law.

**Date:** 07/31/2023

_____
Gary Abrams, in Pro Se

_____
Belinda U. Corpuz, Spouse

1    DECLARATION of Belinda U. Corpuz and Spouse and Gary Abrams

2    I Belinda U. Corpuz declare as follows:

3          I am the Debtor in this case and my spouse has personal knowledge of the

4    following documents, if called to testify to the following, he could and would competently

5    testify thereto. We have reviewed the files, the documents filed in this case attached

6    hereto.

7          All entries in my records were made at or near the time of the event and he is the

8    keeper and the one in control of our file records of facts and exhibits are true and

9    correct copies asserted in this Complaint.

10         I DECLARE UNDER PENALTY OF PERJURY under the Laws of the U.S.A., that

11   the above is true to the best of our knowledge.

12   Date: July 31, 2022                              Belinda  U. Corpuz
13                                                    Belinda U. Corpuz, In Pro Se
14
15
16
17                                                    _____
18                                                    Gary Abrams, Spouse
19

20

21
22
23

Gary Abrams
4111 Lafayette Place
Culver City, CA 90232
(310) 403-8081
gabrams@ca.rr.com

# IN THE DISTRICT COURT FOR THE CENTRAL
# DISTRICT OF THE STATE OF CALIFORNIA

CIVIL CASE

Gary Abrams / Belinda Corpuz

Plaintiffs

v.

BCMB1 Trust / Planet Home Lending, LLC

BANKRUPTCY FRAUD

PROPOSAL

Based on the UNDISPUTED EVIDENCE submitted the Court finds that the
Defendants 410 Proofs of Claims are FRAUDULENT and PERJURY under
Federal 851 False Claims subsection (4) section 152

An official website of the United States government
Here's how you know



THE UNITED STATES
DEPARTMENT OF JUSTICE
ARCHIVES
This is archived content from the U.S. Department of Justice website. The information here may be outdated and links may no longer function. Please contact webmaster@usdoj.gov if you have any questions about the archive site.

## 851. FALSE CLAIMS—18 US-C. S 152(4)

Subsection (4) of Section 152 sets out the offense of filing a false bankruptcy claim. A "claim" is a document filed in a bankruptcy proceeding by a creditor of the debtor. It is sometimes also called a "proof of claim." For the purposes of this section the nature of the claim is immaterial-- i.e., the claim can be secured or unsecured, liquidated or unliquidated, disputed or undisputed, A "false" claim is one that is known by the creditor to be factually untrue at the time the claim is filed.

Subsection (4) provides:

> A person who...knowingly and fraudulently presents any false claim for proof against the estate of a debtor, or uses any such claim in any case under title 11, in a personal capacity or as or through an agent, proxy, or attorney;...shall be fined..., imprisoned...,, or both.

The elements of a false claim violation are:

1. that bankruptcy proceedings had been commenced;
2. that defendant presented or caused to be presented a proof of claim in the bankruptcy;
3. that the proof of claim was false as to a material matter; and
4. that the defendant knew the proof of claim was false and acted knowingly and fraudulently.

United States u Overmyer, 867 F,2d 937, 949 (6th Cir.), cert. denied, 493 U.S. 813 (1989).

A claim can be asserted by a creditor whether or not it is reduced to judgment, whether the claim is liquidated, unliquidated, fixed, contingent, mature, unmatured, disputed, undisputed, legal, equitable, secured or unsecured. United States u Connery, 867 F.2d 929, 934 (reh'g denied) (6th Cir. 1989), appeal after remand 911 F.2d 734 (1990).

Since the falsity of a claim, in most cases, is obvious, the key issue frequently becomes what was the defendant's state of mind at the time of the filing of the claim. Good faith is a complete defense to this charge. The filing of a false claim is not a crime where there was a good faith belief in its accuracy. United States u Connery, 867 F.2d 929, 934 (reh'g denied) (6th Cir. 1989), appeal after remand 911 F.2d 734 (1990).

> A proof of claim is not false merely because it may be inaccurate or erroneous in any or all respects. The claim may be asserted by a creditor in good faith even though the moneys being sought are thereafter successfully disputed by the debtor or disallowed by the Bankruptcy Court. Instead, a proof of claim is false if the statements contained therein are intentionally inaccurate and submitted without any good faith basis for the claim and are not the result of some mistake or clerical error or inadvertent omission.

United States v. Overmyer, 867 F.2d 937, 950 (6th Cir.), cert. denied, 493 U.S. 813 (1989), appeal after remand, 899 F.2d 457 (6th Cir. 1990), cert. denied, 498 U.S. 939 (1990) (quoting above instruction with approval). [cited in JM 9 41.0011

FILING AN INCORRECT OR INCOMPLETE PROOF OF CLAIM FRAUD, PERJURY, AND ADMINISTRATIVE INCONVENIENCE A proof of claim is a sworn statement representing that all of the information included is true to the best of the signatory's knowledge. The standard proof of claim form specifically and unequivocally notes that the signatory is representing under penalty of perjury. Proofs of claim include sworn declarations from a representative of the creditor setting out the basis for the claim asserted. If a proof of claim is incorrect or needs to be updated, it can generally be amended without penalty if it: Corrects a defect of form in the initial claim. Describes the claim with greater particularity. C] Pleads a new theory of recovery on the facts set out in the original claim. (See Midland Cogeneration Venture Ltd. P 'ship v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 133 (2d Cir. 2005).

SIGNING THE PROOF OF CLAIM ON BEHALF OF CLIENTS Federal Rule of Bankruptcy Procedure 3001(b) provides that a proof of claim may be executed by the creditor or, with limited exceptions, by "the creditor's authorized agent." Given that outside counsel regularly prepares the proof of claim, it can be tempting for attorneys to simply sign the proof of claim as the creditor's authorized agent. However, doing so can be risky. The proof of claim constitutes a sworn statement representing that the information is true. Even if the client provides written confirmation of the accuracy of the proof of claim and the attorney's authority to execute the claim form, counsel could be liable if the client provided false information or made misrepresentations regarding the basis for the claim or the claim amount, whether intentionally or unintentionally.

Sanctions If the claimant's attorney signs the proof of claim, the attorney may be subject to sanctions under Federal Rule of Bankruptcy Procedure 9011 if the court determines that there was, in fact, no reasonable basis for the claim (or worse, if there has been any fraudulent conduct in preparing the proof of claim (see Fraud, Perjury, and Administrative Inconvenience))- An attorney with no first-hand knowledge of the validity of the claim risks personal liability for these violations.

**Practical Law**

Resource ID: w-004-2098

# Filing a Proof of Claim: Pitfalls and Precautions

**H. JEFFREY SCHWARTZ, DORON P. KENTER, ROBINS KAPLAN LLP, WITH PRACTICAL LAW BANKRUPTCY**

Search the Resource ID numbers in blue on Practical Law for more.

A Practice Note discussing some of the pitfalls and problems claimants may encounter when filing proofs of claim in a Chapter 11 bankruptcy case. This Note also discusses what precautions to take against improperly filed proofs of claim and the potential consequences of an improper filing.

Bankruptcy lawyers often neglect some of the most crucial aspects of any bankruptcy case. Chief among these issues is the proof of claim. For the vast majority of parties in interest, the bankruptcy process boils down to a forum for creditors to assert claims against a debtor while allowing the debtor an opportunity to assess its affairs and reorganize. When done right, a good proof of claim is rarely appreciated, and it may be a matter of filling out a simple form. When done wrong, an incorrect or ill-advised proof of claim can have tremendous negative repercussions.

As a word of caution to creditors, the 3000-series of the Federal Rules of Bankruptcy Procedure (Bankruptcy Rules), together with applicable local rules and forms, govern the filing of proofs of claim in bankruptcy cases. Claimants should carefully review and adhere to those rules, but the process is anything but mechanical.

This Note sets out additional considerations and warnings that should be accounted for before filing a proof of claim.

For more information on the basics of filing proofs of claim, see Practice Note, Filing a Proof of Claim in a Chapter 11 Bankruptcy Case (0-617-4008).

## WHEN TO FILE A PROOF OF CLAIM

A proof of claim should be filed before the applicable deadline, or bar date, for filing these claims.

For more information on bar dates in general, see Practice Note, Bar Dates in a Chapter 11 Bankruptcy Case (0-617-4008).

There is often a gap of months between the date that a bar date order is entered until the actual bar date. Because there is no need to wait until a bar date order is entered to file a proof of claim, the question is when should a creditor file a proof of claim.

### FILING CLOSE TO THE DEADLINE

It can be tempting to wait until the last day to file a proof of claim, and there are often reasons to do so. Waiting until the deadline can:

- Ensure that all information is current.
- Eliminate the need to amend the proof of claim as:
  - more information comes to light;
  - partial payments are made; or
  - additional obligations accrue.
- Help to avoid premature entanglement in the bankruptcy case, particularly if the creditor has not entered an appearance or otherwise made itself known before filing the proof of claim.

However, by waiting until the deadline, creditors may also forego certain advantages that come along with filing early (see Filing Early), principally:

- The danger that the filing might not go according to plan.
- The risk that the proof of claim might not be filed before the deadline (see In re MarchFIRST, Inc., 573 F.3d 414 (7th Cir. 2009); Toshiba Am. Info. Sys., Inc. v. New England Tech., Inc., 2007 WL 8089815 (C.D. Cal. Nov. 14, 2007); see also Legal Update, Seventh Circuit Disallows Proof of Claim Filed 43 Minutes Late) (1-386-6965).

These hazards can be avoided by finalizing and filing the proof of claim at least one day before the deadline to confirm receipt with sufficient time to remedy any deficiencies or technical issues.

### FILING EARLY

It is equally tempting to file a proof of claim as soon as possible. Reasons for this approach include that:

- It can help to stake out a position in the case, particularly when a claimant wants to become involved in the bankruptcy case because of its status as a major creditor.

© 2016 Thomson Reuters. All rights reserved.



THE ANSWER COMPANY™ THOMSON REUTERS

▪ Filing a proof of claim puts claims traders on notice of the claim, and filing early may help a creditor to collect on the claim immediately in exchange for any distributions to be made on account of the claim at a later date.

However, filing early can require the creditor to amend the proof of claim several times to present a fully up-to-date and accurate proof of claim.

**Scheduled Claims**

Creditors whose claims were reflected on the debtor's schedules may not be required to file a proof of claim if the scheduled claim was not disputed, contingent, or unliquidated. However, creditors should be cautious and take care to ensure that they agree with the scheduled claims, including the debtor entity against whom the claim is scheduled, as it can be dangerous to blindly rely on the debtor's representations.

For more information on scheduled proofs of claim, see Practice Note, Filing a Proof of Claim in a Chapter 11 Bankruptcy Case: Should the Creditor File a Proof of Claim? (8-385-1512)

The debtor may also amend its schedules to modify or even remove a scheduled claim, and the creditor may overlook these modifications. It is often advisable to file a proof of claim, even if this is primarily a protective action, so long as there are no countervailing reasons not to file a proof of claim (see Jurisdictional Pitfalls: Main Reason Not to File a Proof of Claim).

**MULTIPLE DEBTORS**

Where there are multiple debtors, a creditor may not know who the specific obligor is on account of its claim. This is particularly common where the debtor did business under a trade name. Some claimants generally err on the side of caution, filing a claim against each entity to ensure that no prejudice results from having chosen the wrong entity to list on the proof of claim. It is unnecessary to file a claim against each debtor, and debtors routinely object to these claims as duplicative or filed against the wrong debtor, in which case only the correct claim remains.

Distributions to creditors of one debtor (or one segment of the business) may vary materially from distributions to creditors of another debtor, with certain estates paying creditors in full, while other estates have little or nothing available for unsecured creditors. Given the broad definition of claim and the risk of irreparable harm for failure to assert claims against the correct debtor, it is usually best to file a separate claim against any debtor where there is reason to believe the claim may be viable.

**GUARANTORS**

Creditors may also hold actual claims against multiple debtors, or against debtors and non-debtors. As a general principle, creditors have a right to recover in full from each of multiple entities that are jointly and severally liable for a debt, including guarantors. This principle has been extended to permit creditors to assert claims against debtors in bankruptcy for the full amount of the debt, even if the debt has been partially satisfied by joint obligors (see *Ivanhoe Bldg. & Loan Ass'n of Newark, N.J. v. Orr*, 295 U.S. 243, 245-46 (1935);

*Reconstruction Fin. Corp. v. Denver & R.G.W.R. Co.*, 328 U.S. 495 (1946)). Because creditors do not always recover 100 cents on the dollar, they are permitted to assert the full amount of the claim against each obligor, even though recoveries may be limited to the actual amounts due. Creditors therefore generally file claims against any and all obligors and guarantors, in the hope of recovering as much as possible, against each entity, on account of the debt.

Concerns regarding res judicata (see Res Judicata) may weigh against filing a claim against a debtor obligor or guarantor if the creditor would sooner seek to have a disputed claim resolved in another forum. Debtors may seek to enjoin litigation regarding non-debtor obligors or guarantors if they believe that the adjudication of those disputes will have a prejudicial effect on the debtor's estate or where injunctive relief effectively extending the automatic stay to non-debtor guarantors or obligors would be warranted (see *Lyondell Chem. Co. v. Centerpoint Energy Gas Servs. (In re Lyondell Chem. Co.)*, 402 B.R. 571 (Bankr. S.D.N.Y. 2009); see also Practice Note, Automatic Stay: Lenders' Perspective: Limitations and Exceptions) (9-380-7953).

It may seem that when a creditor is in doubt about whether a proof of claim should be filed, one should be filed to preclude any risk that the claim will be lost forever (see *ResCap Liquidating Trust v. PHH Mortgage Corp. (In re Residential Capital, LLC)*, 558 B.R. 77 (S.D.N.Y. Sept. 21, 2016)) (). However, there are some situations in which a creditor will not want to file a proof of claim. The act of filing a proof of claim can waive certain rights and have significant collateral effects on future litigation.

**CONSENT TO JURISDICTION**

The act of filing a proof of claim constitutes a party's consent to the jurisdiction of the bankruptcy court to adjudicate both:

▪ Matters pertaining to the claim itself.

▪ Related matters, including claims by the debtor against the creditor.

Where a debtor might otherwise have to pursue its claims against third parties in other forums (or even outside the territorial jurisdiction of US courts), a filed proof of claim can create the necessary nexus for the bankruptcy court to exercise jurisdiction over entities without a presence in the US (see *Langenkamp v. Culp*, 498 U.S. 42, 45 (1990); *Gulf States Exploration Co. v. Manville Forest Prod. Corp. (In re Manville Forest Prod. Corp.)*, 896 F.2d 1384, 1389 (2d Cir. 1990); *Boyd v. ResCap Borrower Claims Trust (In re Residential Capital, LLC)*, 2016 WL 4082712 (S.D.N.Y. July 28, 2016)).

**WAIVERS**

The filing of a proof of claim can have the unintended effect of bringing any number of related claims into the ambit of the bankruptcy court and, at the same time, deprive the creditor of the right to seek a jury trial (see *In re Cruisephone, Inc.*, 278 B.R. 325, 330 (Bankr. E.D.N.Y 2002) ("By filing a claim against the estate, a creditor triggers the process of allowance and disallowance of claims and an adversary proceeding seeking recovery against the creditor becomes part of that claims allowance process.")). Existing

© 2016 Thomson Reuters. All rights reserved.

US Supreme Court precedent confirms the essential nature of the proof of claim in allowing bankruptcy courts to hear and determine avoidance actions by debtors with no right to a jury trial (see *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989)).

The act of filing a proof of claim can similarly constitute a waiver of the right to challenge the bankruptcy court's authority to enter a final judgment in an action involving the debtor. For example, the right of a claimant to argue that the bankruptcy court lacks final constitutional authority over matters that would otherwise be non-core or *Stern* claims, which would be outside the bankruptcy court's authority to enter a final judgment without the parties' consent (see *Wellness Int'l Network v. Sharif*, 135 S. Ct. 1932 (2015)). However, the disposition of claims is plainly within the bankruptcy court's core authority, and resolution of any matters that would necessarily be resolved in ruling on the proof of claim are therefore within the bankruptcy court's final adjudicatory authority, regardless of the parties' consent and where the matter would have to be heard had the creditor not filed a proof of claim (see *Stern v. Marshall*, 564 U.S. 462, 472 (2011)). This may hold true even if the debtor is just one of many parties that would be affected by the outcome of the proceeding.

Filing a proof of claim can also constitute a waiver of sovereign immunity, insofar as the state has, by filing a proof of claim, voluntarily invoked the jurisdiction of the federal courts and therefore submitted to the bankruptcy court's jurisdiction (see *Arecibo Cmty. Health Care, Inc. v. Commonwealth of Puerto Rico* (*In re Arecibo Cmty. Health Care, Inc.*), 270 F.3d 17, 26-27 (1st Cir. 2001) (citing *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999))).

**FACTOR FOR GRANTING RELIEF**

Even where filing a proof of claim does not result in a complete waiver of certain arguments, it can be accounted for in assessing whether to grant or deny certain relief. For example, a bankruptcy court facing a motion to exercise permissive abstention may consider the filed claim to be one of the factors weighing against abstention (see *Delaware Trust Co. v. Wilmington Trust, N.A.*, 534 B.R. 500, 513-518 (S.D.N.Y. 2015); see also Practice Note, Notice of Removal, Remand, and Abstention in Bankruptcy) (w-000-7148).

**DOCUMENTING A PROOF OF CLAIM**

Proofs of claim need not set out every single shred of documentation evidencing a claim. However, Federal Rule of Bankruptcy Procedure 3001 provides that proofs of claim must conform to the applicable proof of claim form, as determined by the Judicial Conference (see Official Bankruptcy Form B401). That form, where applicable, must include the supporting documentation contemplated in Bankruptcy Rule 3001, including, for example, the writing on which the claim is based (if such a writing exists).

Those filing proofs of claim must include a reasonable amount of supporting documentation, including, where appropriate, an explanation of the claim together with, for example:

- Contracts.
- Invoices.

- Statements of accounts.
- Other documentary support for the claim.

If sufficient documentation is not attached, the court might disallow the claim outright (see *Virginia Broadband, LLC v. Manuel*, 538 B.R. 253 (W.D. Va. 2015)).

**TECHNICAL NON-COMPLIANCE WITH RULE 3001**

Courts disagree regarding whether technical non-compliance with Federal Rule of Bankruptcy Procedure 3001 alone warrants disallowance of a claim. Some courts:

- Consider that rule to be procedural, without conferring a substantive basis for objection or disallowance, and that only section 502 of the Bankruptcy Code confers a basis for objections to claims.
- Have held that failure to file a conforming proof of claim can, by itself, warrant disallowance (see In re Tatro Order Denying Objection to Claims 5.14.15).

**LIMITING SUPPORTING DOCUMENTATION**

There are several compelling reasons to limit the amount of supporting documentation for proofs of claim.

**Potential Misrepresentation**

A proof of claim is a sworn and signed document attesting to the validity of a claim. Any misrepresentations in the proof of claim or the documents attached can provide a basis for disallowance, sanctions, or worse (see Filing an Incorrect or Incomplete Proof of Claim). The inclusion of an overabundance of information only increases the chances that some statement or representation could be attacked as untrue. This is especially the case for declarations or affidavits filed in support of a proof of claim, particularly when considering the filer's understandable desire to tell its story in a light most favorable to allowance of the claim or even for convincing claims traders to buy the claim.

**Confidential and Sensitive Information**

There may be important business sensitivities regarding publicly filing confidential or commercially sensitive information, including:

- Terms of business relationships.
- Pricing strategies.
- Ongoing research and development.
- Supply and payment terms.

Inclusion of this or other information may provide competitors or contract counterparties with information that would otherwise be kept confidential. Certain documents may be filed in redacted form or under seal, or may be referenced but not attached to a proof of claim. Consider that commercial sensitivities do not absolve a creditor of its responsibility to file a complete proof of claim. Claimants must therefore pay careful attention to the content of any proof of claim and the accompanying documentation.

The creditor may owe the debtor or a third party a duty to maintain confidentiality of the terms of the relationship, or even of the existence of the relationship, for example:

- Military contracts.
- Employment contracts.

© 2016 Thomson Reuters. All rights reserved.

- Early-stage partnerships in emerging technology or pharmaceuticals.

The amount of the claim may even be sensitive or confidential.

Disclosure of certain personal names, numbers, and data may violate federal laws regarding privacy, especially health records and information pertaining to minors, or may unknowingly facilitate identity theft (§ 107(c), Bankruptcy Code; 18 U.S.C. § 1028). The Bankruptcy Rules specifically enumerate the limited identifying information that can be included in public filings (Federal Rule of Bankruptcy Procedure 9037(b)). Those preparing proofs of claim should be careful to avoid breaching contractual confidentiality obligations in attempting to file complete proofs of claim and recover from a debtor in bankruptcy.

A violation of Bankruptcy Rule 9037 does not necessarily create a private cause of action or a basis for complete disallowance of the claim (see *Lentz v. Bureau of Med. Econ.* (*In re Lentz*), 405 B.R. 893, 898 (Bankr. N.D. Ohio 2009)). Counsel should avoid breaking the rules and disclosing sensitive or protected information.

**Strategic Considerations**

An overabundance of information in the proof of claim may risk prematurely tipping one's hand about litigation strategy or the nature and extent of a creditor's claims. The proof of claim, by definition, includes more than would be divulged in an ordinary complaint and inherently provides the debtor with significantly more time to respond. By laying out the entire claim and all supporting documentation, the creditor provides the debtor (and potentially third parties) with months, or even years, to assess the nature of the claim and to prepare an objection or opposition. This can be especially problematic where the debtor is just one of many current or potential targets by a creditor.

## ISSUES OF PREJUDICE

### RES JUDICATA

Another key problem that can be posed in filing a proof of claim is that the creditor might end up winning the battle on the proof of claim but losing the war regarding the actual underlying claims being asserted. For example, if the claim is allowed against the debtor, the allowance of that claim can constitute res judicata on the underlying dispute, precluding the creditor from asserting any subsequent claims for additional damages (see *In re Blackhawk Corp.*, 2016 WL 3131954 (Bankr. D. Del. May 26, 2016)).

In *Blackhawk*, certain creditors sought damages due to landslides and soil movement allegedly emanating from property owned by the debtor, which affected homes owned by creditors. The affected creditors commenced an action against the debtor before the commencement of the debtor's Chapter 7 bankruptcy case and subsequently filed proofs of claim against the debtor, to which they attached a copy of the complaint in the pending action. After each claim was allowed in its face amount of $6 million, the debtor sought an order of the bankruptcy court granting the debtor summary judgment in the underlying state court action. In so resolving that action, the bankruptcy court acknowledged that the allowance of a proof of claim constitutes a final judgment on the merits, even if the

creditor suffered damages (or, presumably, additional damages) after the reorganization (see *Blackhawk*, 2016 WL 3131954; see also *EDP Med. Computer Sys. v. United States*, 480 F.3d 621, 625 (2d Cir. 2007) ("[A] bankruptcy court order allowing an uncontested proof of claim constitutes a 'final judgment' and thus a predicate for res judicata."); *Katchen v. Landy*, 382 U.S. 323 (1966) ("[A] creditor who offers a proof of claim and demands its allowance is bound by what is judicially determined.")).

If a proof of claim is filed in a liquidated amount and then allowed in full or otherwise resolved, the resolution of that claim in the bankruptcy court may deprive the creditor of any opportunity to pursue additional claims for subsequent damages, even if those damages were unknown to the creditor at the time of the claim's bar date. The failure to file a proof of claim would not necessarily help the creditor, as its claim could be barred due to the failure to file a timely proof of claim. Counsel should acknowledge the collateral effects that the resolution of the proof of claim might have on subsequent proceedings.

A filed proof of claim may include allegations or documents that can result in evidentiary prejudice to the creditor in a related action. For example, creditors should expect that filed proofs of claim will be closely scrutinized not just in the bankruptcy case but also by any third parties who may be implicated by the conduct alleged in the proof of claim. This prejudice may be compounded by the fact that the proof of claim is a sworn statement, signed and verified under penalty of perjury (see Filing an Incorrect or Incomplete Proof of Claim).

### STANDING

As with the concerns regarding res judicata (see Res Judicata), a creditor may be prejudiced in other ways by the resolution of a proof of claim in the bankruptcy case. A creditor is a party in interest with a right to be heard in a bankruptcy case (§ 1109(b), Bankruptcy Code). However, once a claim is fully resolved and, if allowed, paid in full, the entity ceases to be a creditor in the bankruptcy case and may lose its right to appear or be heard in any subsequent proceedings.

For example, if a creditor is a thorn in the debtor's side and seen as an impediment to the confirmation or effectiveness of a Chapter 11 plan, the debtor may choose to allow and pay the claim in full under section 363 of the Bankruptcy Code (see Practice Note, Rule 9019 Settlements: Section 363 of the Bankruptcy Code). Doing so moots any objections or arguments that the creditor may have otherwise raised before the bankruptcy court. In these circumstances, the creditor likely has no right to refuse payment or otherwise pursue continued involvement in the case, even on an asserted interest in the integrity of the bankruptcy process or of the creditor's interest in the case (see *In re RnD Eng'g, LLC*, 546 B.R. 738 (Bankr. E.D. Mich. 2016)).

Many creditors only want to be paid in full. Great care should be taken to ensure that the claim is accurate and complete and reflects the full extent of the creditor's interest in the case. Those wishing to maximize their chances of being heard and avoid a forced settlement of all outstanding claims should consider asserting contingent claims or otherwise ensuring their status as parties in interest (such as through contract counterparties or by holding other interests in the case).

4

## OPEN-ENDED CLAIMS AND UNLIQUIDATED AMOUNTS

Filing contingent or open-ended claims can ensure that creditors do not prejudice themselves because of a claim that is too low, easily satisfied, or forthcoming regarding the alleged damages. However, there can be risks inherent in filing contingent or unliquidated claims, including that:

- The debtor can seek to invoke section 502(c)(1) of the Bankruptcy Code, which may result in the estimation of the claim for allowance at an amount significantly lower than the amount that the creditor would have chosen to assert. Even if the claim is estimated at a fair amount, the litigation regarding the estimation can be time-consuming and expensive.

- Certain contingent claims (for example, for reimbursement or contribution) may be disallowed in full under section 502(e)(1)(B) of the Bankruptcy Code.

- A claim may be disallowed in its entirety if it is unenforceable for any reason other than being contingent or unmatured (§ 502(b)(1), Bankruptcy Code).

From a practical perspective, the absence of a certain claim amount can either reduce or increase a creditor's leverage in the bankruptcy case. If:

- The creditor specifies a dollar amount, the proof of claim constitutes prima facie evidence of the claim's validity, and the burden lies on the debtor to contest the claim.

- No amount is specified, parties in interest may have no sense of the creditor's true stake in the Chapter 11 case until after the claim is liquidated or otherwise addressed.

While a claim should not be filed as contingent unless there is a basis for doing so, creditors should be counseled regarding the inherent benefits and drawbacks of asserting partially or fully contingent claims.



## FILING AN INCORRECT OR INCOMPLETE PROOF OF CLAIM

### FRAUD, PERJURY, AND ADMINISTRATIVE INCONVENIENCE

A proof of claim is a sworn statement representing that all of the information included is true to the best of the signatory's knowledge. The standard proof of claim form specifically and unequivocally notes that the signatory is representing under penalty of perjury. Proofs of claim include sworn declarations from a representative of the creditor setting out the basis for the claim asserted.

If a proof of claim is incorrect or needs to be updated, it can generally be amended without penalty if it:

- Corrects a defect of form in the initial claim.

- Describes the claim with greater particularity.

- Pleads a new theory of recovery on the facts set out in the original claim.

(See *Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 133 (2d Cir. 2005).)

However, amendments are subjected to "careful scrutiny to assure that there was no attempt to file a new claim under the guise of amendment" (see *Midland*, 419 F.3d at 133; *Mich. Funds Admin. v. DPH Holdings Corp. (In re DPH Holdings Corp.)*, 494 F. App'x 135 (2d Cir. 2012); *In re Barquet Group, Inc.*, 477 B.R. 454, 464 (Bankr. S.D.N.Y. 2012)). For example, if the amended claim does not relate

back to the original claim or otherwise attempts to assert new claims not asserted or preserved in the original claim, that amendment may be rejected by the court.

An incorrect proof of claim may constitute or include fraudulent statements while under oath, which can include perjury, fraud on the court, or dereliction of an attorney's duty of candor before the court. It is not enough to feign ignorance or to blame others for shoddy or incomplete information. The most serious risk inherent in filing a proof of claim is that the filer and any signatories to signed declarations run a risk of subjecting herself and others to personal liability because of material misrepresentations made under penalty of perjury.

### SIGNING THE PROOF OF CLAIM ON BEHALF OF CLIENTS

Federal Rule of Bankruptcy Procedure 3001(b) provides that a proof of claim may be executed by the creditor or, with limited exceptions, by "the creditor's authorized agent." Given that outside counsel regularly prepares the proof of claim, it can be tempting for attorneys to simply sign the proof of claim as the creditor's authorized agent. However, doing so can be risky. The proof of claim constitutes a sworn statement representing that the information is true. Even if the client provides written confirmation of the accuracy of the proof of claim and the attorney's authority to execute the claim form, counsel could be liable if the client provided false information or made misrepresentations regarding the basis for the claim or the claim amount, whether intentionally or unintentionally.

### Sanctions

If the claimant's attorney signs the proof of claim, the attorney may be subject to sanctions under Federal Rule of Bankruptcy Procedure 9011 if the court determines that there was, in fact, no reasonable basis for the claim (or worse, if there has been any fraudulent conduct in preparing the proof of claim (see Fraud, Perjury, and Administrative Inconvenience)). An attorney with no first-hand knowledge of the validity of the claim risks personal liability for these violations.

### Fact Witness

At least one court has concluded that, in signing a proof of claim on behalf of a client, the attorney becomes a fact witness about the validity of the claim and therefore waives the attorney-client and work-product privileges concerning the facts set out in the proof of claim (see *In re Rodriguez*, 2013 WL 2450925 (Bankr. S.D. Tex. June 5, 2013) (noting that a proof of claim is not like a complaint because, under Federal Rule of Bankruptcy Procedure 3001(f), it inherently "constitute[s] prima facie evidence of the validity and amount of the claim")).

By becoming a fact witness, the attorney may subsequently be disqualified from representing the client in future litigation (see *In re Duke Invs., Ltd.*, 454 B.R. 414 (Bankr. S.D. Tex. 2011)). Even though the bankruptcy court in *Duke* did not disqualify the attorney because he was not a necessary witness, it may be best to avoid the risk of disqualification or even the possibility of creating any basis for an argument to that effect (*Duke*, 454 B.R. at 422-23).

While these scenarios are uncommon, where possible, attorneys should avoid any likelihood of incurring personal liability or disqualification simply by attempting to make a client's life marginally easier by signing and filing a proof of claim. The signatory to the proof of claim, whether

© 2016 Thomson Reuters. All rights reserved.

Filing a Proof of Claim, Pitfalls and Precautions

that is an attorney or an authorized signatory for the creditor itself, should take particular care in executing a proof of claim to ensure that all information is accurate and that she is capable of explaining the basis of the claim.

## CLASS CLAIMS

Federal Rule of Bankruptcy Procedure 7023 provides that class action procedures may apply in bankruptcy litigation, potentially allowing for the administration of certain class action claims under the umbrella of a bankruptcy case. However, the Bankruptcy Code is silent about whether a class representative may file a proof of claim on behalf of a putative class, thereby asserting and preserving claims on behalf of a putative class of creditors with claims against the debtor.

Some courts have held that a class representative cannot file a proof of claim on behalf of a putative class (see *In re Standard Metals Corp.*, 817 F.2d 625, 630 (10th Cir. 1987) and Class Action Claim Cannot Be Filed). However, other courts have concluded that a "class action claim" can be filed in a bankruptcy case (see *Reid v. White Motor Corp.*, 886 F.2d 1462, 1472 (6th Cir. 1989); *Certified Class in the Charter Sec. Litig. v. Charter Co.* (*In re Charter Co.*), 876 F.2d 866, 873 (11th Cir. 1989); see also Class Action Claim Can Be Filed).

### CLASS ACTION CLAIM CANNOT BE FILED

Restricting putative class claims in bankruptcy cases turns on the nature of the claims filing and allowance process. In a non-bankruptcy context, there is no centralized process for corralling and asserting similar claims against one or more entities. The class action process creates a mechanism for bundling and preserving those claims and for a streamlined process for resolving those claims.

However, the Bankruptcy Code and Bankruptcy Rules create a special process for filing and resolving claims against a debtor in bankruptcy. Bankruptcy's claim filing procedures, the various notices that must be distributed to known creditors, and publication notice for unknown creditors, are arguably sufficient to create a streamlined process for asserting or preserving claims against a debtor's estate, rendering the class action process less necessary, or even superfluous.

### CLASS ACTION CLAIM CAN BE FILED

There are unique features of the class action process, such as class certification, opt-outs, and class settlements, that can prove useful even in bankruptcy. Congress or the courts may yet choose to create a uniform process for class claims in bankruptcy. In the meantime, those seeking to assert or preserve putative class claims in a bankruptcy case should take care to comply with applicable bankruptcy and non-bankruptcy law, or they run a risk of abandoning valuable claims because of the unique features of the bankruptcy case.

## VIOLATIONS OF COURT ORDERS OR APPLICABLE LAW

Creditors should take caution to ensure that they are not seeking payment on debt that has been discharged in another bankruptcy case. The act of filing a proof of claim may constitute a violation of the discharge injunction in the prior bankruptcy case or of other applicable state or federal law, such as the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 to 1692p), and may subject the filer to sanctions for contempt or punitive sanctions (see *Green Point Credit LLC v. McLean*, 794 F.3d 1313 (11th Cir. 2015); *Crawford v. LVNV*

*Funding LLC*, 758 F.3d 1254 (11th Cir. 2014)). The risk is apparent in Chapter 22 cases, where there is a subsequent filing by the same debtor. But the debtor's prior discharge may not be as apparent in circumstances where the debtor entity:

- Had not been the lead debtor and had simply been one of a laundry list of affiliated companies in a jointly administered Chapter 11 case.
- Changed its name on its emergence from bankruptcy.
- Was sold to a third party in the initial bankruptcy case.

## BANKRUPTCY RULE 3006

The unintended consequences of filing a proof of claim cannot be cured by simply deciding to discontinue pursuit of the claim in the bankruptcy case. Federal Rule of Bankruptcy Procedure 3006 provides that "[a] creditor may withdraw a claim as of right by filing a notice of withdrawal." However, a creditor must first seek leave from the court to withdraw the claim, after notice and a hearing, if:

- The debtor objected to the claim.
- The debtor commenced an adversary proceeding against the creditor.
- The creditor had voted on the debtor's plan or otherwise "participated significantly in the case."

Derived from Rule 41 of the Federal Rules of Civil Procedure, which requires leave of the court to dismiss actions that are beyond the initial pleading stage, Bankruptcy Rule 3006 is designed to limit back-and-forth litigation tactics. Once the court and parties in interest have expended time and money on the issue, the creditor cannot simply opt out of the bankruptcy forum. If a creditor determines that it should not have filed a proof of claim, it can withdraw the claim as of right, but only if nothing material has happened concerning that claim or that creditor. Once the claim adjudication process has started, claim withdrawal is not so simple and not freely given.

For these reasons, by lodging an early objection to creditors' claims, savvy and diligent debtors can capitalize on errors made by creditors who were not sensitized to the considerations discussed here. By the same token, a debtor might lose its leverage if it fails to file a prompt objection to the claim or reaches out to negotiate with the creditor before filing a formal objection to the creditor's proof of claim.

**ABOUT PRACTICAL LAW** 

Practical Law provides legal know-how that gives lawyers a better starting point. Our expert team of attorney editors creates and maintains thousands of up-to-date, practical resources across all major practice areas. We go beyond primary law and traditional legal research to give you the resources needed to practice more efficiently, improve client service and add more value.

If you are not currently a subscriber, we invite you to take a trial of our online services at **legalsolutions.com/practical-law**. For more information or to schedule training, call **1-800-733-2889** or e-mail **referenceattorneys@tr.com**.

12-16

© 2016 Thomson Reuters. All rights reserved. Use of Practical Law websites and services is subject to the Terms of Use (http://static.legalsolutions.thomsonreuters.com/static/agreement/westlaw-additional-terms.pdf) and Privacy Policy (https://a.next.westlaw.com/Privacy).

Confidential

# EXHIBIT "A"

**Fill in this information to identify the case:**

Debtor 1   Belinda U Corpuz

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Central District of California

Case number   2:21-bk-15503-VZ

**EXHIBIT A**

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as trustee of BCMB1 Trust <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor _____ |
| 2. Has this claim been acquired from someone else? | ☑ No <br> ☐ Yes.  From whom? _____ |
| 3. Where should notices and payments to the creditor be sent? <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** <br><br> Planet Home Lending, LLC <br> Name <br> 321 Research Parkway, Suite 303 <br> Number   Street <br> Meriden          CT          06450 <br> City          State          ZIP Code <br><br> Contact phone 866-882-8187 <br> Contact email _____ <br><br> **Where should payments to the creditor be sent? (if different)** <br><br> Name <br> Number   Street <br> City          State          ZIP Code <br><br> Contact phone _____ <br> Contact email _____ <br><br> Uniform claim identifier for electronic payments in chapter 13 (if you use one): <br> _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ |
| 4. Does this claim amend one already filed? | ☑ No <br> ☐ Yes.  Claim number on court claims registry (if known) _____          Filed on _____ <br>                                                              MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No <br> ☐ Yes.  Who made the earlier filing? _____ |

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**
☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __1__ __5__ __3__ __3__

**7. How much is the claim?**   $ _____363,546.40__. Does this amount include interest or other charges?
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

Money loaned

**9. Is all or part of the claim secured?**
☐ No
☑ Yes. The claim is secured by a lien on property.

Nature of property:
☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☑ Other. Describe:   4111 LaFayette Pl, Culver City, CA 90232

Basis for perfection:   Recorded Deed of Trust
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                                          $ _____
Amount of the claim that is secured:        $ _____363,546.40
Amount of the claim that is unsecured:  $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $ _____363,546.40
*Total Debt POC loan matures 03/01/2022

Annual Interest Rate (when case was filed) __9.75__ %
☑ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.      $ _____

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

Official Form 410                                Proof of Claim                                page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ _____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    09/14/2021
                    MM / DD / YYYY

/s/ Erica Loftis
Signature

Print the name of the person who is completing and signing this claim:

| Name | Erica Loftis | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Authorized Agent | | |
| Company | Ghidoitti/Berger LLP. | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 1920 Old Tustin Ave. | | |
| | Number        Street | | |
| | Santa Ana | CA | 92705 |
| | City | State | ZIP Code |
| Contact phone | 949-427-2010 | Email | bknotifications@ghidottiberger.com |



# EXHIBIT "B"

**Fill in this information to identify the case:**

Debtor 1: Belinda U Corpuz

Debtor 2
(Spouse, if filing):

United States Bankruptcy Court for the:   Central District of California

Case number:   2:22-bk-10315-VZ

**EXHIBIT B**

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as trustee of BCMB1 Trust<br>_Name of the current creditor (the person or entity to be paid for this claim)_<br><br>Other names the creditor used with the debtor _____ |
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes.  From whom? _____ |
| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Planet Home Lending, LLC<br>_Name_<br>321 Research Parkway, Suite 303<br>_Number       Street_<br>Meriden          CT          06450<br>_City          State          ZIP Code_<br><br>Contact phone 866-882-8187<br><br>Contact email _____<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br><br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | **Where should payments to the creditor be sent? (if different)**<br><br>Planet Home Lending, LLC<br>_Name_<br>321 Research Parkway, Suite 303<br>_Number       Street_<br>Meriden          C          06450<br>_City          State          ZIP Code_<br><br>Contact phone 866-882-8187<br><br>Contact email _____ |
| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes.  Claim number on court claims registry (if known) _____          Filed on ___/___/_____<br>                                                                                          MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes.  Who made the earlier filing? _____ |

Official Form 410                    Proof of Claim                    page 1

**Part 2:   Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __1__ __5__ __3__ __3__ |

7. How much is the claim?   $_____384,442.63__, Does this amount include interest or other charges?

☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money loaned

9. Is all or part of the claim secured?

☐ No
☑ Yes.   The claim is secured by a lien on property.

Nature of property:

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle
☑ Other. Describe:   4111 LaFayette Pl, Culver City, CA 90232

Basis for perfection:   Recorded Deed of Trust

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:   $_____
Amount of the claim that is secured:   $____384,442.63
Amount of the claim that is unsecured: $_____   (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $_____384,442.63
*Total Debt POC loan matures 03/01/2022

Annual Interest Rate (when case was filed) _9.75_ %
☑ Fixed
☐ Variable

10. Is this claim based on a lease?

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

Case 2:23-cv-06177-MWF-E   Document 1   Filed 07/31/23   Page 42 of 56   Page ID #:42

Case 2:22-bk-13659-VZ   Doc 21   Filed 07/15/22   Entered 07/18/22 15:43:09   Desc
Main Document     Page 8 of 9
Case 2:22-bk-10315-VZ   Claim 5-1   Filed 03/31/22   Desc Main Document   Page 3 of 32

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br><br>☐ Yes. *Check one:* | | Amount entitled to priority |
|---|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | | |

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   03/14/2022
                   MM / DD / YYYY

/s/ Erica Loftis
_____
Signature

Print the name of the person who is completing and signing this claim:

| Name | Erica | | Loftis | |
|---|---|---|---|---|
| | First name | Middle name | Last name | |
| Title | Authorized Agent | | | |
| Company | Ghidoitti/Berger LLP. | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | | |
| Address | 1920 Old Tustin Ave. | | | |



# EXHIBIT "C"

| Debtor 1 | Gary Abrams, Pro Se |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Central District of California |
| Case number | 2:22-bk-13659-VZ |



**FILED**

SEP 15 2022

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

**1. Who is the current creditor?**
Planet Home Lending, LLC / BCMB1 Trust
*Name of the current creditor (the person or entity to be paid for this claim)*

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☐ No
☑ Yes. From whom? Veripro _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Attorney Rachael C. Witcher
Name

1920 Tustin Ave
Number     Street

Santa Ana      CA      92705
City      State      ZIP Code

Contact phone (949) 427-2010

Contact email _____

Where should payments to the creditor be sent? (if different)

Name _____

Number   Street _____

City      State      ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on ___ / ___ / ___
                                                                                                MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: **9  0  9  6** |
| 7. How much is the claim? | $_____406,881.39_. Does this amount include interest or other charges?<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Money Loaned_____ |
| 9. Is all or part of the claim secured? | ☐ No<br>☑ Yes. The claim is secured by a lien on property.<br>Nature of property:<br>☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>Basis for perfection:   Corporate Deed of Trust_____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Value of property:                    $ 2,500,000.00<br>Amount of the claim that is secured:      $ 406,881.39<br>Amount of the claim that is unsecured: $_____0.00_ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>Amount necessary to cure any default as of the date of the petition:   $ 406,881.39<br><br>Annual Interest Rate (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____ |
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br><br>☐ Yes. Check one: | | Amount entitled to priority |
|---|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $ _____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | | $ _____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | | |

**Part 6:   Sign Below**

| The person completing this proof of claim must sign and date it. FRBP 9011(b).<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. | Check the appropriate box:<br><br>☐ I am the creditor.<br>☐ I am the creditor's attorney or authorized agent.<br>☑ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date  09/14/2022<br>                            MM / DD / YYYY |
|---|---|

Signature *(signed: Gary Abrams)*

Print the name of the person who is completing and signing this claim:

| Name | Gary Abrams | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Debtor | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 4111 Lafayette Place | | |
| | Number     Street | | |
| | Culver City | CA | 90232 |
| | City | State | ZIP Code |
| Contact phone | (310) 403-8081 | Email | gabrams@ca.rr.com |

Confidential

# EXHIBIT "D"

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                      12/15

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- Fill in all of the information about the claim as of the date the case was filed.

- Fill in the caption at the top of the form.

- If the claim has been acquired from someone else, then state the identity of the last party who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- Attach any supporting documents to this form.
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

- Do not attach original documents because attachments may be destroyed after scanning.

- If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.

- A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth. See Bankruptcy Rule 9037.

- For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian. For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State)*. See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to the court's PACER system (www.pacer.psc.uscourts.gov) to view the filed form.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**

## Rule 3001. Proof of Claim

EVIDENCE OF PERFECTION OF SECURITY INTEREST - an proof of claim for lien perfection has been recognized as a rightful claimant in bankruptcy

(a) FORM AND CONTENT. A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form.

(b) WHO MAY EXECUTE. A proof of claim shall be executed by the creditor or the creditor's authorized agent.

(c) SUPPORTING INFORMATION.

(1) *Claim Based on a Writing.* When a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

(2) *Additional Requirements in an Individual Debtor Case; Sanctions for Failure to Comply.* In a case in which the debtor is an individual:

(A) If, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim.

(B) If a security interest is claimed in the debtor's property, a statement of the amount necessary to cure any default as of the date of the petition shall be filed with the proof of claim.

(C) If a security interest is claimed in property that is the debtor's principal residence, the attachment prescribed by the appropriate Official Form shall be filed with the proof of claim.

(D) If the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions:

(i) PRECLUDE THE HOLDER FROM PRESENTING THE OMITTED INFORMATION, IN ANY FORM, AS EVIDENCE IN ANY CONTESTED MATTER OR ADVERSARY PROCEEDING IN THE CASE, UNLESS THE COURT DETERMINES THAT THE FAILURE WAS SUBSTANTIALLY JUSTIFIED OR IS HARMLESS; OR

(ii) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

(d) EVIDENCE OF PERFECTION OF SECURITY INTEREST. If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected.

   (5) *Service of Objection or Motion; Notice of Hearing.* A copy of an objection filed pursuant to paragraph (2) or (4) or a motion filed pursuant to paragraph (3) or (4) of this subdivision together with a notice of a hearing shall be mailed or otherwise delivered to the transferor or transferee, whichever is appropriate, at least 30 days prior to the hearing.

(f) EVIDENTIARY EFFECT. A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.

*Subdivision (d).* "Satisfactory evidence" of perfection, which is to accompany the proof of claim, would include a duplicate of an instrument filed or recorded, a duplicate of a certificate of title when a security interest is perfected by notation on such a certificate, a statement that pledged property has been in possession of the secured party since a specified date, or a statement of the reasons why no action was necessary for perfection. The secured creditor may not be required to file a proof of claim under this rule if he is not seeking allowance of a claim for a deficiency. But see §506(d) of the Code.

Confidential

# EXHIBIT "E"

Confidential

This page is part of your document - DO NOT DISCARD



## 20190778723



Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**08/06/19 AT 10:50AM**

Pages:
0002

| | |
|---|---|
| FEES: | 20.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 95.00 |



**L E A D S H E E T**



201908062850073

00016962470



010019397

**SEQ:**
**01**

DAR - Mail (Intake)



**THIS FORM IS NOT TO BE DUPLICATED**

R 1 of 2

E534541

Confidential

16962470

Batch Number: 10019397

**Recording Requested By:**
Richmond Monroe Group, Inc.

**When Recorded Mail To:**
Jessica Brown/BCMB1 Trust
Richmond Monroe Group, Inc.
P.O. Box 458
Kimberling City, MO, 65686
(417) 447-2931

## CORPORATE ASSIGNMENT OF DEED OF TRUST

Loan #: 89754015 / TS Ref #: 0009530000000584
CA/LOS ANGELES
MERS #: 100133700019928350 / MERS Phone #: (888) 679-6377

Assignment Prepared on: June 13, 2019

For Value Received, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE BANK, N.A. A NATL. ASSN. ITS SUCCESSORS AND ASSIGNS**, whose address is P.O. Box 2026, Flint, MI, 48501-2026 (herein "Assignor") hereby grant, assign, transfer and convey to BCMB1 TRUST, whose address is 2001 BISCAYNE BLVD, SUITE 117-262, MIAMI, FL, 33137 (herein "Assignee") all interest under that certain Deed of Trust Dated: 2/7/2007, in the amount of $175,000.00, executed by BELINDA U CORPUZ, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE BANK, N.A. A NATL. ASSN. ITS SUCCESSORS AND ASSIGNS and Recorded: 2/22/2007, Instrument #: 20070384213 in LOS ANGELES County, State of California and all rights accrued or to accrue under said Deed of Trust.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE BANK, N.A. A NATL. ASSN. ITS SUCCESSORS AND ASSIGNS

On: 6.28.19

By:

Name: Jim Fullen

Title: SVP

STATE OF Texas
COUNTY OF Denton

On 6.28.19 , before me, Richard Joshua Hipo , a Notary Public in and for Denton in the State of Texas , personally appeared Jim Fullen SVP , MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE BANK, N.A. A NATL. ASSN. ITS SUCCESSORS AND ASSIGNS, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

Richard Joshua Hipo
Notary Expires: 3.4.2022       /#: 128195184

CA/LOS ANGELES

Richard Joshua Hipo
My Commission Expires
03/04/2022
ID No 128195184

B 2 of 2

Confidential

# EXHIBIT "F"

PO BOX 3572
COPPELL TX 75019
ADDRESS SERVICE REQUESTED



**Veripro Solutions**

BELINDA CORPUZ
4111 LAFAYETTE PL
CULVER CITY CA 90232-2817

02/20/2020
Re: Veripro Account Number: 100885

Last 4 of Previous Loan Number: ****4015
Note Date:                     02/07/2007
Original Loan Amount:          $175,000.00
Property Address:              4111 LAFAYETTE PL, CULVER CITY, CA 90232

**Notice of Assignment, Sale or Transfer of Servicing Rights**

Dear BELINDA CORPUZ,

You are hereby notified that the servicing of your mortgage loan, that is, the right to collect payment from you, is being assigned, sold or transferred from Veripro Solutions, Inc., (Veripro) to PLANET HOME LENDING, LLC. effective 03/10/2020. The assignment, sale or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than the terms directly related to the servicing of you loan.

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the effective date of transfer, or at closing. Your new servicer must also send you this notice no later than 15 days after this effective date or at closing.

Your present servicer is Veripro Solutions, Inc., (Veripro). If you have any questions relating to the transfer of ownership and the transfer of servicing from Veripro please do not hesitate to contact the Customer Support Center toll-free at 1-888-967-9700 between the hours of 8:00AM to 8:00PM CST Monday thru Friday or by mail at:

Veripro Solutions, Inc.
P.O. Box 3572
Coppell, TX 75019

Your new servicer will be PLANET HOME LENDING, LLC. If you have any questions relating to the transfer of servicing to your new servicer, you may call their Customer Support Department toll-free 866-882-8187 between the hours of Monday - Friday, 830a.m. - 900p.m. ET. Please note the following important address information for PLANET HOME LENDING, LLC.

| Correspondence | Payments |
|---|---|
| PLANET HOME LENDING, LLC | PLANET HOME LENDING, LLC |
| Customer Service | Payment |
| 321 Research Parkway, Suite 303 | PO Box 69197 |
| Meriden, CT 06450 | Baltimore, MD 21264-9197 |

The date that your present servicer, Veripro, will stop accepting payments from you is 03/09/2020. The date that your new servicer PLANET HOME LENDING, LLC will start accepting payments from you is 03/10/2020. Please send all payments due on or after the 03/10/2020 to your new servicer PLANET HOME LENDING, LLC.

The assignment, sale, or transfer of the servicing of the mortgage loan will require you to contact any hazard and flood insurers to add PLANET HOME LENDING, LLC as loss payee at the below address. For escrow accounts, insurers need to send billing statements/invoices to the PLANET HOME LENDING, LLC loss payee. Be sure to provide PLANET HOME LENDING, LLC with a copy of the notice to the insurance provider.

*750 E Highway 121, Suite 100, Lewisville, TX 75067 | P.O. Box 3244, Coppell, TX 75019 | Phone: 888-967-9700 | Fax: 877-492-6160*
*| Business Hours: 8:00AM to 8:00PM CST | www.veriprosolutions.com | Se Habla Español*

*Veripro Solutions, Inc., (formerly known as NSM Recovery Services, Inc.) is a Nationstar Mortgage Company, LLC. Veripro is a debt collector. This is an attempt to collect a debt and information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge bankruptcy, this letter is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged but is provided for informational purposes only. If you are represented by an attorney, please provide this notice to your attorney.*

21VBSGBL 000317P 2 034 000317 51 OS0984 Z-NOCRE